dered the auditor's report to be received and entered on the minutes of the court, and thereupon at the same term entered a final decree in the cause without further consent:

*Held,* 1st. That the final decree so entered was not embraced in the agreement of counsel, and hence that the judge, having been of counsel, had no legal power to make it, and it must be annulled, under §205 of the Code.

*Held,* 2d. That the judge of the superior court, acting as that court and subject to the review of this court, must have power to hear and determine the whole case, and if parties only agree that he shall hear and decide a part thereof, he is a mere referee of theirs, and his action upon the matter referred is not subject to be reviewed here: therefore, whilst we set aside the decree which the court was disqualified to render, we decline to interfere with the judgment of the referee sustaining the demurrer and dismissing the exceptions to the report.

It is due to Judge CRISP to say that in his verification of the bill of exceptions he adds the following: "The counsel for Bryan had left the court before a decision was made on the demurrer. After the decision was made and the decree entered, counsel for defendants in error called the attention of the court to the fact that perhaps the agreement only extended to passing on the demurrer, and then agreed in open court that if counsel insisted on that, the decree should be set aside, and the judgment of the court extend no further than sustaining the demurrer. Immediately after the adjournment of the court counsel were notified of this."

JACKSON, Justice.

---

## WILKINSON *vs.* LANE & HOLMES.

Though this court, if sitting as a jury in the box of the superior court, would probably not have rendered the verdict which was rendered, there was no abuse of discretion by the presiding judge in not setting it aside. There is enough evidence to uphold it in a court of errors, and it is not contrary to law.

BLECKLEY, Justice.

---

## CLARK, ROSSER & COMPANY *vs.* WHEATON, survivor.

1. This case as to the nature of the instrument is controlled by the case of *Lee vs. Clark, Rosser & Co.,* decided to-day.
2. If the principle there ruled, that the paper held by Clark, Rosser & Co. was a mortgage and not a sale, did not rule the case, the judgment here being older than the oldest of the instruments held by

*See report in *Lee vs. Clark, Rosser & Co.* of this term.—(R.)

Clark, Rosser & Co. would take the crop in preference to their claim. The lien of that judgment was upon the land of defendant and whatever was planted and grew thereon, and so soon as the crop was grown thereon and matured, the lien attached to the crop, and it could be sold under the *fi. fa.* issued upon the judgment.

JACKSON, Justice.

## FISHER vs. THE STATE OF GEORGIA.

1. Certain articles of jewelry which disappeared from the building as the result of the burglary, having been found in the prisoner's house, evidence showing whether he was married or unmarried was not irrelevant on his trial.
2. Illegal evidence which comes in without objection, and is ruled out as soon as any motion for the purpose is made in behalf of the prisoner, is not cause for a new trial.
3. That the prisoner said to some one "I am going to carry some ladies to your house," was not relevant testimony.
4. The charge of the court on the subject of explaining the prisoner's possession of the stolen goods, was not error, on the facts contained in the record.
5. The verdict was warranted by the law and the evidence, and no cause for a new trial is apparent.

BLECKLEY, Justice.

## DAVIS vs. STRICKLAND.

Where in answer to a rule the constable alleged that "he did have said distress warrant in his hands, and that he levied the same at the instance of W. F. Dempsey, agent of plaintiff, on one bale of cotton as the property of William Perryman, he, the said Dempsey, pointing out said cotton as the property of said Perryman, and deponent made an entry to this effect on said distress warrant except the interlineation of the words 'in the possession of William Perryman.' Deponent has made no sale of said cotton, having ascertained that the cotton levied on was the property of A. Huntington. This deponent has had no opportunity to levy said warrant on the property of said Perryman since he ascertained that the bale of cotton levied was the property of A. Huntington,"—and there was no traverse of the answer:

*Held*, 1st. That no testimony was admissible in reference to the answer, there being no issue made by traverse for trial.